FLORENCE MILLER, Respondent, v. JOSEPH PERRONI and IGNAZIO (Also Known as FRANK) LONGOBARDO, Appellants, and THE BROOKLYN UNION GAS COMPANY, Defendant.— Action to recover damages for personal injuries sustained by the plaintiff in a collision between a taxicab in which she was a passenger, owned and operated by defendant Perroni, and one owned and operated by defendant Longobardo. Judgment in favor of plaintiff unanimously affirmed, with costs. Appeal from the verdict dismissed; an appeal does not lie therefrom. Appeal from order denying the defendants' motion to dismiss the complaint and to set aside the verdict and for a new trial dismissed on the ground that there is no such order in the record. No opinion. Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.

ETTA S. MILLER, Respondent, v. O'BRIEN's FIREPROOF STORAGE WAREHOUSE, INC., Respondent, and ROBERT M. MILLER and Others, Appellants.— The action is in replevin. Plaintiff placed certain chattels, consisting of household furniture, in the warehouse of the defendant storage company. Her husband and members of his family claimed title to some of the chattels. When the storage company refused to deliver them, she sued the storage company and her husband and others to recover possession of the chattels or their value and also damages for their wrongful detention. The individual defendants claimed ownership of some of the chattels and counterclaimed against plaintiff and the storage company to recover their possession or the value of the chattels and also damages for their wrongful detention. On consent, the complaint and counterclaim were dismissed as to the storage company. Judgment was entered in favor of plaintiff against the storage company for possession of the chattels, or if the chattels are not delivered, for $4,000, and against the individual defendants for possession of the chattels and $1,080 damages for their wrongful detention. The individual defendants alone appeal. Judgment modified by striking therefrom the provision for the recovery of $1,080 damages against the individual defendants for the detention of the property. Plaintiff neither alleged nor proved actual or constructive possession of the chattels in appellants at the time the action was commenced. On the trial it affirmatively appeared that the chattels were in the possession of the storage company. Nor was there any proof that the appellants detained the chattels. Therefore, plaintiff is not entitled to damages against the appellants for their detention, and the provision for damages in this respect must be struck out. The principal issue litigated at the trial and determined by the jury was whether title to the chattels was in plaintiff or in the appellants. On that issue the jury found for plaintiff; and as there is ample evidence to sustain the jury's finding in this respect, so much of the judgment as provides that plaintiff is entitled to possession of the chattels is valid. The storage company has not appealed and although it has filed a brief it does not object to the judgment as entered. The judgment, as so modified, and the order denying the motion of the individual defendants for a new trial on the ground of newly-discovered evidence, are unanimously affirmed, without costs. Present — Lazansky, P. J., Young, Davis, Johnston and Adel, JJ.